UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TANESHA MARTIN,**

      **Plaintiff,**

v.                                                  Case No: 6:25-cv-1537-CEM-DCI

**FLORIDA AGRICULTURAL AND
MECHANCIAL UNIVERSITY
COLLEGE, DEAN MARJORIE
THOMAS, DEAN OF REGISTRAR
DEBORAH HOLMES, PROFESSOR
KARA CONSALO, AND PROFESSOR
JONATHAN FINEMAN,**

      **Defendants.**

## ORDER

By Order dated August 22, 2025, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. Doc. 6. As such, the Court directed the Clerk to mail summonses and Marshal 285 forms to Plaintiff and directed Plaintiff to complete and return the forms. *Id*. The Court directed the U.S. Marshal to serve the summonses and the Complaint without cost to Plaintiff upon receipt of the completed summonses and forms. *Id*. The docket reflects that the U.S. Marshal has returned the summonses as unexecuted.

Even so, pending before the Court is Plaintiff's Motion for Default Judgment against Defendants Holmes, Thomas, Fineman, and Consalo.[1] Doc. 33 (the Motion). The Motion is due to be denied. To the extent Plaintiff seeks an entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), the request is premature as the Clerk has not yet entered default. *See*

---

[1] The Clerk has reissued the summons as to Defendant Florida Agricultural and Mechanical University Colleg of Law. Doc. 33.

*Persaud v. Md. Audio Eng'g Inc.*, 2023 WL 5916603, at *1 (M.D. Fla. Aug. 10, 2023) ("[T]o the extent that Plaintiff seeks 'judgment' by default, a request for default judgment is premature as Plaintiff has not obtained a Clerk's judgment against Defendant.") (citing *AWGI, LLC v. Team Smart Move, LLC*, 2012 WL 12904224, at *1 (M.D. Fla. Sept. 28, 2012) ("'[T]he clerk's entry of default must precede an application' for default judgment.").

Further, to the extent the Court can construe the Motion as a request for Clerk's entries of Default against these Defendants under Rule 55(a), Plaintiff is still not entitled to relief.  Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Prior to directing the Clerk to enter a default, however, the court must first determine whether a plaintiff properly effected service of process.  *United States v. Donald*, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (denying motion for entry of clerk's default because service did not appear to meet any approved method and the plaintiff failed to point to the law approving the procedure).

Here, Plaintiff states that the U.S. Marshall served the Complaint and summonses.  Doc. 33-1 to 33-4.  The U.S. Marshal, however, returned the 285 forms as unexecuted and provided the following statement or similar statement with each receipt: "Staff at listed location stated only Office of General Counsel at Florida A&M 1700 S. Adams St. 304 Foote-Hilyer Administration Center Tallahassee, FL 32307 can accept."  Docs. 25, 26, 27, 29.  As such, there is nothing before the Court to reflect that Defendants Holmes, Consalo, Thomas, or Fineman were served and, therefore, Clerk's entries of default are not warranted.  Even so, Plaintiff my resubmit the service forms to allow the U.S. Marshal to make another attempt at service.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 33) is **DENIED**; and

2. the Clerk shall mail summonses and Marshal 285 forms to Plaintiff. Plaintiff shall complete and return the summons and Marshal 285 form to the Court with respect to Defendants Holmes, Thomas, Consalo, and Fineman on or before the fifteenth day after the date the Clerk mails the summonses and Marshal 285 forms. **Plaintiff should note the U.S. Marshal's remarks in the returns of service regarding the service address where staff may accept service.** See **Docs. 25, 26, 27, 29**;

3. the Clerk is directed to provide the completed summonses and Marshal 285 forms to the United States Marshal; and

4. upon receipt of the completed summonses and Marshal 285 forms, the United States Marshal is directed to serve the summonses and the complaint without cost to Plaintiff

Ordered in Orlando, Florida on November 24, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy